# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID STEPHENS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MOUNTAIN RUN SOLUTIONS, LLC, ) <br> ) <br> Defendant. ) | Case No. CIV-20-00766-PRW |

## **ORDER**

After the deadline for service of Plaintiff's Amended Complaint passed without proof of service being filed, the Court ordered Plaintiff to show cause why his Amended Complaint (Dkt. 10) should not be dismissed for failure of service. In response, the Plaintiff filed a proof of service that did not comply with either the Federal Rules of Civil Procedure or this Court's Local Rules. It failed to serve a corporate officer or agent, failed to have a non-party effectuate service, failed to use in-person service, and failed to seek or obtain waiver of in-person service.[1] The Court then ordered Plaintiff to again show cause why the action should not be dismissed for these failures of service. Now, Plaintiff has filed a pleading containing a record of proper—albeit late—service.

Under Tenth Circuit precedent, Rule 4(m) failures of service are examined in a two-step inquiry. First, the Court examines "whether the plaintiff has shown good cause for the

---

[1] *See* Order (Dkt. 14).

failure to timely effect service," in which case "the plaintiff is entitled to a mandatory extension of time."[2] Second, if there is no good cause, the Court considers "whether a permissive extension of time may be warranted."[3]

Here, Plaintiff has not shown good cause. The Tenth Circuit instructs that good cause "should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule,"[4] and that "inadvertence or negligence alone do not constitute 'good cause.'"[5] Plaintiff's current filing presents no arguments on good cause, instead merely relating the history of the case. This reflects no meticulous effort to comply with the rules governing service and Plaintiff's counsel has supplied no explanation for why she failed to comply with local and federal rules.

Since no good cause has been shown, the Court turns to consider whether a discretionary extension of time should be permitted. This requires consider "policy considerations [that] might weigh in favor of granting a permissive extension of time,"[6] but a permissive extension of time is not warranted when following a consistent track of rule violations and failure to prosecute. The Court notes that the current failure of service is not the first deficiency to arise in this case. The Plaintiff failed to prosecute the case until

---

[2] *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[3] *Id.*

[4] *Despain v. Salt Law Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994).

[5] *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996).

[6] *Espinoza*, 52 F.3d at 841. One of the policy considerations is whether "the applicable statute of limitations would bar the refiled action." Here, Plaintiff's claim under 15 U.S.C. § 1692(e)(8) has a one-year statute of limitations and suit was brought three months after the alleged violation, leaving nine months on the clock.

warned of dismissal. The Plaintiff failed to file an amended complaint or affidavit to correct deficient jurisdictional and damages pleadings until warned of dismissal. Even then, Plaintiff failed to abide by the Court's order to address the pleading deficiencies.[7] As discussed above, the Plaintiff failed to file proof of service until warned of dismissal. Even the newest attempt at proper service may still be deficient.[8] In short, "there is no question the Court's orders and the local rules were violated."[9] Given the continued failures, the Court exercises its discretion to deny a permissive extension of time of service.

Plaintiff has consistently failed to timely prosecute its case, violated local and federal rules, and has been warned five times that this case would be dismissed if the compliance failure continued. This is not a scenario where a *pro se* party is operating in ignorance of procedural rules. Plaintiff is represented by counsel, who was "required to represent that she was thoroughly familiar with the Court's Local Rules and the Federal

---

[7] Plaintiff requested damages of $25,000. At the hearing held on July 14, 2021, the Court advised Plaintiff of pleading deficiencies regarding personal jurisdiction and damages and instructed Plaintiff to file and re-serve an amended complaint including an affidavit itemizing the calculation of $25,000 in damages. Despite Plaintiff promising "a very detailed affidavit," the subsequent Amended Complaint and accompanying affidavit provided no further details on these points. *Compare* Complaint (Dkt. 1), *with* Amended Complaint (Dkt. 10).

[8] In the Exhibit Service of Process (Dkt. 15, Ex. 1), Plaintiff most recently served one "Becky Khodabandeh" in Tulsa, Oklahoma. However, the Oklahoma Secretary of State's records reveal that Defendant's registered agent in Oklahoma is "Registered Agent Solutions, Inc.," and the Court has been presented no affidavit or reason to believe service on the former equates service on the latter.

[9] *Switzer v. Much, Shelist, Freed, Denenberg, Ament, Bell & Rubstein, P.C.*, 214 F.R.D. 682, 685 (W.D. Okla. 2003).

Rules of Civil Procedure" to be admitted to practice before this Court.[10] Yet the continued errors of service and failure to abide by local and federal rules "does not support this representation."[11] Under Rule 4 of the Federal Rules of Civil Procedure, this action is subject to dismissal for failure to timely and correctly serve the opposing party, and for failure to show good cause or otherwise warrant a permissive extension. Furthermore, under Rule 41(b) of the Federal Rules of Civil Procedure, this action is subject to involuntary dismissal for failure to prosecute, failure to comply with the Federal Rules and Local Rules, and failure to obey the Court's orders.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this case pursuant to its authority under Rule 4 and Rule 41. This dismissal does not operate as an adjudication on the merits. All pending motions remaining in this action are **VACATED AS MOOT**.

**IT IS SO ORDERED** this 21st day of January 2022.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[10] *Zagaruyka & Assocs. v. HealthSmart Benefit Solutions, Inc.*, 2020 WL 4606707, at *3 (W.D. Okla. Aug. 10, 2020).

[11] *Id.*